UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CARLOS ABREU,                                            :

              Plaintiff,                    :     **REPORT AND**
                                                **RECOMMENDATION**
   -v.-                                                            :
                                                04 Civ. 7778 (DAB ) (GWG)
C.O. NICHOLLS,                                           :

              Defendant.                 :
-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      This case was filed pro se on September 30, 2004. A motion for a default judgment was made on December 1, 2005 (Docket #8), which was granted based on the existence of a "Clerk's Certificate" of default. See Default Judgment (Docket #9). That judgment was subsequently vacated by an Order, filed March 13, 2006 (Docket #11), on the ground that the only affidavit of service in the case (Docket #4) did not reflect that service had been properly made. Officer Nichols has now submitted papers opposing the motion for a default judgment (Docket ##16-17).

      The motion for a default judgment should be denied.

      As an initial matter, it may be noted that – while defendant has not relied on this point – there is still no evidence that proper service of the summons and complaint was made in this case. The only evidence of service is the document entitled "Marshal's Process Receipt," filed on December 9, 2004 (Docket # 4). Notably, the form (commonly known as a Form "USM-285") does not contain an assertion that the Marshal either "personally served" or had "legal evidence of service" on C.O. Nicholls. Instead, the form reflects that someone named "Capt. Hawkins" was actually served, who is identified as a "person of suitable age and discretion then residing in the defendant's usual place of abode." Given that the address for service was Rikers Island (11-11 Hazen Street, East Elmhurst, New York 11370), this location is plainly not C.O. Nicholls's usual place of "abode," see Montes v. Seda, 157 Misc.2d 895 (Sup. Ct. N.Y. Co. 1993). Instead, service could only have been intended to have been made pursuant to CPLR § 308(2), which permits delivery of the complaint "to a person of suitable age and discretion at the actual place of business."

      Assuming "Capt. Hawkins" qualifies as such a person, CPLR § 308(2) requires that the summons must be mailed – either to the person's "last known residence" or to his or her "actual place of business" – in a certain manner specified in the rule. Nothing on the USM-285 or anywhere else in the record indicates that this mailing occurred and thus there is no proof of proper service.

It is not necessary to reach the question of proper service, however, because defendant has met the standards for setting aside the entry of default pursuant to Fed. R. Civ. P. 55(c), which permits a court to set aside an entry of default for "good cause shown." "Good cause" is assessed based upon the following three factors: (1) whether the default by defendants was willful; (2) whether setting aside the default would prejudice the non-defaulting party; and (3) whether the defaulting party has presented a meritorious defense. Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993); United We Stand America, Inc. v. United We Stand, America N.Y., Inc., 128 F.3d 86, 89 (2d Cir. 1997).

All three factors are met here. As outlined in detail in the declaration of Officer Nicholas, see Declaration of Correction Officer Nicholls (reproduced as Ex. D to Docket #17), she acted promptly once she learned of the existence of this suit (approximately one year after the purported service) and thereafter reasonably relied on the Department of Corrections to secure legal representation. Id. ¶¶ 3-4, 8. Second, plaintiff has shown no prejudice that would result from allowing this suit to proceed. Finally, as reflected in the defendant's brief (Docket #16, at 8-9), there are colorable defenses to the claim made in the complaint. Given the "preference for resolving disputes on the merits," any doubts about the validity of the defenses must be "resolved in favor of the defaulting party," Enron, 10 F.3d at 95, 96. At the very least, the defendant has "made a sufficient showing at this juncture to justify further briefing and consideration by the district judge." Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983).

Because all three factors favor the defendant, there is no basis for a default judgment.

Conclusion

The motion for a default judgment (Docket # 8) should be denied.

**PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (e). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Deborah A. Batts, 500 Pearl Street, New York, New York 10007, and to the undersigned at the same address. Any request for an extension of time to file objections must be directed to Judge Batts. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: May 11, 2006
 New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Carlos Abreu
99-A-3027
SouthPort Correctional Facility
P.O. Box 2000
Pine City, NY 14871-2000

Vivian Najib, Esq.
Assistant Corporation Counsel
100 Church Street
New York, NY 10007

Hon. Deborah A. Batts
United States District Judge

(1985).

Dated: May 11, 2006
      New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Carlos Abreu
99-A-3027
SouthPort Correctional Facility
P.O. Box 2000
Pine City, NY 14871-2000

Vivian Najib, Esq.
Assistant Corporation Counsel
100 Church Street
New York, NY 10007

Hon. Deborah A. Batts
United States District Judge