```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
CARLOS ABREU,

                Plaintiff,
                                          04 Civ. 7778 (DAB) (GWG)
         - against -                      ADOPTION OF REPORT
                                          AND RECOMMENDATION
C.O. NICHOLLS

                Defendant.
----------------------------------------X
```
DEBORAH A. BATTS, United States District Judge.

This matter is before the Court upon the May 11, 2006 Report and Recommendation of United States Magistrate Judge Gabriel W. Gorenstein ("Report"), which recommended that the Motion for Default Judgment brought by Plaintiff should be denied. Plaintiff has submitted his objections to the Report.

The District Court is required under 28 U.S.C. § 636(b)(1)(C) to make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Where no timely objection has been made, or where a party only raises general objections, "a district court need only satisfy itself there is no clear error on the face of the record." Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985). After conducting the appropriate level of review, the Court may then accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C); see also Local Civil Rule 72.1(d).

Plaintiff has submitted various objections to the Magistrate's Report on the manner in which the Complaint was served by the U.S. Marshal Service.

However, Magistrate Judge Gorenstein based his recommendation on the ground that Defendant had met the three factors necessary to set aside an entry for default. Hence, the Court need not address Plaintiff's objections concerning the manner of service.

According to Fed. R. Civ. P. 55(c), "For good cause shown the court may set aside an entry of default . . . ." In determining whether good cause has been shown, a court must consider: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. See Powerserve Intern, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001).

Plaintiff states conclusorily that he believes that "Nicholls received the Service and Summons and Complaint from the United States Marshals Services [sic]." (Pl.'s Obj. at Ex. A., pp.4-5.) However, Plaintiff does not set forth any arguments or facts to demonstrate that good cause was not shown by Defendant. Specifically, Plaintiff does not argue that the default was willful, other than stating that he believed Defendant received the Complaint, nor does he argue that setting aside the default

would prejudice him.[1] Plaintiff also does not make any arguments concerning meritorious defenses.

Accordingly, having reviewed the Report and Recommendation and the record herein de novo, it is hereby

ORDERED AND ADJUDGED as follows:

1. The Report and Recommendation of United States Magistrate Judge Gabriel Gorenstein dated May 11, 2006, be and the same hereby is approved, adopted, and ratified by the Court; and

2. Plaintiff's Motion for Default Judgment is DENIED.

SO ORDERED.

DATED:   New York, New York
         August 24, 2006

                                    _____
                                    DEBORAH A. BATTS
                                    United States District Judge

---

[1] It appears that Plaintiff believes that setting aside the default will prejudice him because he thinks that Magistrate Judge has recommended the dismissal of his case for failure to serve. (See Pl.'s Obj. at 6.) This is clearly not the case, as the Magistrate Judge has only recommended setting aside the default and denying Plaintiff's Default Judgment Motion.