```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CARLOS ABREU,                                                :
                        Plaintiff,                           :   REPORT AND
                                                                 RECOMMENDATION
        -v.-                                                 :
                                                                 04 Civ. 7778 (DAB) (GWG)
C.O. NICHOLLS,                                               :
                        Defendant.                           :
-------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

In 2004, pro se plaintiff Carlos Abreu, who is currently incarcerated at Five Points Correctional Facility, filed this case against a New York City Corrections Officer, identified as "C.O. Nicholls." Abreu alleged that Nicholls assaulted him while he was housed at Rikers Island and later denied him access to medical treatment. Nicholls has now moved for summary judgment, pursuant to Fed. R. Civ. P. 56, on the sole remaining claim in the case, which alleges the use of excessive force. For the reasons stated below, Nicholls' motion should be denied.

I.      INTRODUCTION

This is Nicholls' second motion for summary judgment. In Abreu v. Nicholls, 2007 WL 2111086 (S.D.N.Y. July 24, 2007) ("Abreu I"), the undersigned issued a Report and Recommendation recommending that Nicholls' first motion for summary judgment be granted on the grounds that: (1) Nicholls' alleged conduct did not constitute a violation of the Eighth Amendment because the use of force was de minimis; (2) Abreu's denial of medical treatment did not constitute deliberate indifference in violation of the Eighth Amendment; and (3) Abreu's state law claims were barred by New York General Municipal Law § 50-e-(1)(b) because Abreu failed to file a notice of claim. Id. at *4-7. The Court also denied Abreu's request for a hearing

and further discovery.  Id. at *7.  On June 10, 2008, the Honorable Deborah A. Batts issued an order adopting this Report and granting Nicholls' motion for summary judgment, see Order, filed June 10, 2008 (Docket # 58), and on June 11, 2008, judgment was entered in favor of Nicholls, see Judgment, filed June 11, 2008 (Docket # 59).

Abreu appealed this decision to the Second Circuit.  On March 3, 2010, the Second Circuit "affirm[ed] the award of summary judgment with respect to Abreu's claim that his denial of medical treatment constituted deliberate indifference in violation of the Eight[h] Amendment and his state law claims," but found "that the District Court [had] erred by dismissing Abreu's excessive force claim at summary judgment."  Abreu v. Nicholls, 368 F. App'x 191, 192, 194 (2d Cir. 2010) ("Abreu II").[1]  The court held that because "the record supports a finding that" Nicholls' alleged conduct "was a calculated effort to apply a moderate amount of force in a way that threatened the use of significantly greater force," and because Nicholls was alleged to have "used a weapon – a rubber-headed hammer – and pressed it against Abreu's head with sufficient force to bend his head 'half way backwards,'" Nicholls' use of force was not "de minimis as a matter of law."  Id. at 194 (additional internal quotation marks omitted).

Because this Court's decision had not resolved all issues raised in Nicholls' prior summary judgment motion, the Court upon remand issued an order directing Nicholls to either file a new motion for summary judgment, taking into account the Second Circuit's decision, or to inform the Court that she would be withdrawing her prior summary judgment motion.  See Order, filed Sept. 13, 2010 (Docket # 66).  On December 21, 2010, Nicholls filed the instant

---

[1] The Second Circuit also upheld a district court ruling denying plaintiff's motion for a default judgment.  Abreu II, 368 F. App'x at 192; see Report and Recommendation, filed May 11, 2006 (Docket # 18), adopted by, Adoption of Report and Recommendation, filed Aug. 24, 2006 (Docket # 26).

motion for summary judgment.[2]

II.   SUMMARY JUDGMENT STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure states that summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether a genuine issue of material fact exists, "[t]he evidence of the non-movant is to be believed," and the court must draw "all justifiable inferences" in favor of the nonmoving party.  Id. at 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970)).  Nevertheless, once the moving party has shown that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial,'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original), and "may not rely on conclusory allegations or unsubstantiated speculation."  Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998) (citing cases).  In other

---

[2] See Notice of Motion, filed Dec. 21, 2010 (Docket # 73); Defendant Nicholls' Memorandum of Law in Support of Her Second Motion for Summary Judgment, filed Dec. 21, 2010 (Docket # 74) ("Def. Mem."); Plaintiff's Brief in Opposition to Defendant's Summary Judgment Motion, filed Jan. 10, 2011 (Docket # 75); Declaration in Opposition to Defendant's Motion for Summary Judgment, filed Jan. 10, 2011 (Docket # 76); Plaintiff's Statement of Disputed Factual Issues, filed Jan. 10, 2011 (Docket # 77); Defendant Nicholls' Reply Memorandum of Law in Further Support of Her Second Motion for Summary Judgment, filed Feb. 14, 2011 (Docket # 79) ("Def. Reply"); Plaintiff's Memorandum of Law in Opposition to Defendant[] Nicholls['] Reply, filed Mar. 15, 2011 (Docket # 80).

words, the nonmovant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." Anderson, 477 U.S. at 256. Where "the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to [its] case." Nebraska v. Wyoming, 507 U.S. 584, 590 (1993) (quoting Celotex, 477 U.S. at 322) (internal quotation marks omitted) (alteration in original). Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." Allen v. Cuomo, 100 F.3d 253, 258 (2d Cir. 1996) (citing Anderson, 477 U.S. at 247-48).

III.   DISCUSSION

Nicholls makes two arguments in support of her motion: (1) that Abreu's claims of mental harm are barred by the Prison Litigation Reform Act; and (2) that Abreu cannot establish a claim of excessive force under the Eighth Amendment. We will address each of these arguments below.

As an initial matter, however, we reject Nicholls' argument, see Def. Reply at 2-3, that the facts in her most recent Rule 56.1 statement should be deemed admitted because Abreu failed to file a proper response. See Local Rule 56.1(d) (requiring a party opposing summary judgment to respond to the movant's statement of undisputed facts by submitting responses that cite to admissible evidence). "[W]here a pro se plaintiff fails to submit a proper [opposing statement] . . . , the [c]ourt retains some discretion to consider the substance of the plaintiff's arguments, where actually supported by evidentiary submissions," Wali v. One Source Co., 678 F. Supp. 2d 170, 178 (S.D.N.Y. 2009) (citations omitted). Here, there are multiple declarations of Abreu in the record as well as sworn deposition testimony. We thus consider this evidence

4

for purposes of deciding whether Abreu's claim survives defendant's summary judgment motion.  Indeed, the facts offered by Abreu on this motion do not differ in any material respect from those offered in response to the defendant's original summary judgment motion.  We assume familiarity with these facts, which are summarized in Abreu I, 2007 WL 2111086, at *1-2. [3]  Because these are sufficient to allow Abreu to prevail on his claim, it is not necessary to discuss his more recent submissions.

    A.        Prison Litigation Reform Act

Section 1997e(e) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  While "there is no statutory definition of 'physical injury' as used in section 1997e(e)," the Second Circuit has held that a plaintiff's physical injury must be "more than de minimis."  Liner v. Goord, 196 F.3d 132, 135 (2d Cir. 1999) (citing Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997)); accord Fincher v. City of New York, 2010 WL 3719236, at *1 (S.D.N.Y. Sept. 20, 2010); Bussey v. Phillips, 419 F. Supp. 2d 569, 587-88 (S.D.N.Y. 2006).  Nicholls argues that Abreu's "excessive force claim should be dismissed because he has not complied with the requirements of the Prison Litigation Reform Act by alleging that he suffered a prior physical injury."  See Def. Mem. at 4-6; Def. Reply at 4-5.  Abreu testified that as a result of the incident with Nicholls, he has had chronic headaches, "constant dizziness," and he "black[s] out," and has been unable to sleep.  See Deposition of Carlos Abreu, dated Nov. 7, 2006 (annexed as Ex. B to

---

[3] To the extent Abreu argues in his briefs that he continues to have a claim for deliberate indifference, we do not reach this issue because the Second Circuit affirmed this Court's rejection of that claim.  See Abreu II, 368 F. App'x at 194.

Notice of Motion) at 55-56, 86-87.  Numerous courts, however, have held that maladies similar to these, including depression, headaches, insomnia, and dizziness, do not constitute a "physical injury" within the meaning of section 1997e(e) of the PLRA.  See, e.g., Davis v. District of Columbia, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (weight loss, appetite loss, and insomnia caused by emotional distress not "physical injury" for purposes of PLRA); Cooksey v. Hennessey, 2007 WL 2790365, at *1 (N.D. Cal. Sept. 20, 2007) ("Physical symptoms that are not sufficiently distinct from a plaintiff's allegations of emotional distress do not qualify as a prior showing of physical injury [for purposes of the PLRA].") (internal quotation marks and citations omitted); Johnson v. Georgia, 2007 WL 2684985, at *3 (M.D. Ga. Sept. 7, 2007) ("stress and a mental disorder" not "physical injury" for purposes of PLRA); Brown v. Porter, 2006 WL 2092032, at *2 (N.D. Cal. July 26, 2006) (migraines, dry mouth, and loss of appetite caused by mental health problems not "physical injury" for purposes of PLRA); Watkins v. Trinity Serv. Grp., Inc., 2006 WL 3408176, at *4 (M.D. Fla. Nov. 27, 2006) (diarrhea, vomiting, cramps, nausea, and headaches from eating spoiled food on one day not "physical injury" for purposes of PLRA); Hill v. Williams, 2005 WL 5993338, at *4 (N.D. Fla. Oct. 14, 2005) (thirty-minute episode of hyperventilation, accompanied by shortness of breath, swollen tongue, pounding heart, and headache, not "physical injury" for purposes of PLRA); Todd v. Graves, 217 F. Supp. 2d 958, 960 (S.D. Iowa 2002) (stress, hypertension, insomnia, dizziness, and loss of appetite not "physical injury" for purposes of PLRA); McGrath v. Johnson, 67 F. Supp. 2d 499, 508 (E.D. Pa. 1999) (inflamation of pre-existing skin condition caused by emotional trauma not "physical injury" for purposes of PLRA), aff'd, 35 F. App'x 357 (3d Cir. 2002); Cain v. Virginia, 982 F. Supp. 1132, 1135 & n.3 (E.D. Va. 1997) (depression and painful headaches caused by emotional distress not "physical injury" for purposes of PLRA); Pinkston-Bey v. DeTella, 1997

WL 158343, at *3 (N.D. Ill. Mar. 31, 1997) (severe headaches and emotional distress not "physical injury" for purposes of PLRA); see also Dean v. Phillips, 2008 WL 5056679, at *7 (N.D.N.Y. Nov. 24, 2008) ("physical manifestations of emotional injuries are not 'physical injuries' for purposes of the PLRA") (footnote omitted); but see Enigwe v. Zenk, 2006 WL 2654985, at *6 (E.D.N.Y. Sept. 15, 2006) (court held that summary judgment could not be granted due to lack of physical injury under section 1997e where defendants argued plaintiff sustained only emotional injury but where plaintiff alleged he suffered "from physical symptoms including dizziness, uncontrollable coughing, lack of appetite, runny eyes and high blood pressure") (citation omitted).

In light of this case law, we are not convinced that Abreu has satisfied the "prior . . . physical injury" requirement of the PLRA. Nevertheless, the Court faces a practical problem. Even if the Court were to find that Abreu had not shown a physical injury, Abreu would still be entitled to seek nominal and/or punitive damages at a trial, assuming he successfully establishes his constitutional rights were violated. This is because "[s]ection 1997e(e) does not limit the availability of nominal damages for the violation of a constitutional right or of punitive damages." Thompson v. Carter, 284 F.3d 411, 418 (2d Cir. 2002); accord Ruffino v. Murphy, 2010 WL 2026446, at *2 (D. Conn. May 20, 2010); Lipton v. Cnty. of Orange, 315 F. Supp. 2d 434, 457 (S.D.N.Y. 2004). The defendant concedes this point. See Def. Reply at 5 n.3 (citing Walker v. Shaw, 2010 WL 2541711, at *15 (S.D.N.Y. June 23, 2010)). Thus, Abreu's excessive force claim will proceed to trial no matter how the "prior . . . physical injury" question is decided. Accordingly, it may be advisable for the finder of fact to render a decision on whether Abreu showed a physical injury and, if so, to decide what compensatory damages he is entitled

7

to for both any physical injury and any mental or emotional injury. In this way, if the Court were found on appeal to have been incorrect on the prior-physical-injury point, there would be no need for a retrial. Accordingly, we recommend that summary judgment on the question of whether Abreu has shown a prior physical injury be denied at this time.

      B.      Excessive Force Claim

Nicholls next argues that Abreu's excessive force claim must be dismissed because he cannot show that the alleged force was "malicious and sadistic." See Def. Mem. at 6-7; Def. Reply at 6-8.

"A claim of cruel and unusual punishment in violation of the Eighth Amendment has two components – one subjective, focusing on the defendant's motive for his conduct, and the other objective, focusing on the conduct's effect." Wright v. Goord, 554 F.3d 255, 268 (2d Cir. 2009) (citing Hudson v. McMillian, 503 U.S. 1, 7-8 (1992); Blyden v. Mancusi, 186 F.3d 252, 262 (2d Cir. 1999)). To meet the objective component, the alleged wrongdoing must be "objectively 'harmful enough' to establish a constitutional violation." Hudson, 503 U.S. at 8 (quoting Wilson v. Seiter, 501 U.S. 294, 303 (1991)). The Second Circuit has explained that the objective component must also be evaluated in terms of the actions of the official inflicting the injury:

> The objective component of a claim of cruel and unusual punishment focuses on the harm done, in light of "contemporary standards of decency." Hudson, 503 U.S. at 8, 112 S. Ct. 995 (internal quotation marks omitted). In assessing this component, the court must ask whether "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Id. (quoting Wilson, 501 U.S. at 298, 111 S. Ct. 2321). But when prison officials use force to cause harm maliciously and sadistically, "contemporary standards of decency always are violated . . . . This is true whether or not significant injury is evident." Hudson, 503 U.S. at 9, 112 S. Ct. 995.
>
> Accordingly, where a prisoner's allegations and evidentiary proffers could reasonably, if credited, allow a rational factfinder to find that corrections officers

> used force maliciously and sadistically, our Court has reversed summary
> dismissals of Eighth Amendment claims of excessive force even where the
> plaintiff's evidence of injury was slight and the proof of excessive force was
> weak.

Wright, 554 F.3d at 268-69 (additional citations omitted).  In other words, an Eighth Amendment violation occurs if the officer acted "maliciously and sadistically," even if there was no significant injury.

In Abreu II, the Second Circuit quoted this standard and went on to state that it "assume[d]" that Nicholls' actions were "maliciously and sadistically motivated." 368 F. App'x at 193.  While Abreu II used the word "assume[d]," the court was plainly making a judgment on this point about the existing record.  Specifically, it noted:

> Nicholls' use of force is of a different kind. The force used is not what one might
> expect in a crowded prison corridor. Rather, the record supports a finding that it
> was a calculated effort to apply a moderate amount of force in a way that
> threatened the use of significantly greater force.

Id. at 194.  If there were any doubt that the court found that the "malicious and sadistic" standard was met, it later characterized Nicholls' alleged conduct as "totally removed from any proper penal purpose and . . . taken solely for the purpose of humiliating an inmate." Id. at 194.  These statements can only be construed as a conclusion that the "malicious and sadistic" standard was satisfied.

Inexplicably, Nicholls does not even discuss the substance of the Second Circuit's ruling in her argument regarding the "malicious and sadistic" component of an excessive force claim. See Def. Mem. at 5-7; Def. Reply at 6-8.  Nonetheless, we believe that we are bound by it.

Even apart from the Second Circuit's decision, it is plain that case law would not permit dismissal of Abreu's claim.  Under Hudson, the fact-finder must choose between concluding that

"force was applied in a good-faith effort to maintain or restore discipline" or that it was instead used "maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Construing the evidence favorably to plaintiff, as we must, a rational fact-finder could easily find that the officer's actions were not part of a "good-faith effort to maintain or restore discipline." Id. Nicholls makes no coherent argument on this point and in the end is reduced to rearguing the issue of whether the injury was sufficiently serious, see Def. Reply. at 6-7 – the very issue that the Second Circuit decided adversely to her.

IV.   CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment (Docket # 73) should be denied.

**PROCEDURE FOR FILING OBJECTIONS TO THIS
REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Deborah A. Batts, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Batts. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: March 22, 2011
       New York, New York

                                                    _____
                                                    GABRIEL W. GORENSTEIN
                                                    United States Magistrate Judge

Copies sent to:

Carlos Abreu
99-A-3027
Five Points Correctional Facility
6600 State Route 96
Caller Box 400
Romulus, New York 14541

Ryan Shaffer
Assistant Corporation Counsel
100 Church Street
New York, NY 10007

Dated: March 22, 2011
      New York, New York

                                                GABRIEL W. GORENSTEIN
                                                United States Magistrate Judge

Copies sent to:

Carlos Abreu
99-A-3027
Five Points Correctional Facility
6600 State Route 96
Caller Box 400
Romulus, New York 14541

Ryan Shaffer
Assistant Corporation Counsel
100 Church Street
New York, NY 10007

11