USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/30/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS ABREU,

        Plaintiff,

v.

C.O. NICHOLLS,

        Defendant.

04 Civ. 7778 (RO)

**ORDER**

OWEN, District Judge:

  *Pro se* Plaintiff Carlos Abreu ("Plaintiff") brought this action in 2004 against Defendant C.O. Nicholls ("Defendant") a New York City Corrections Officer. Plaintiff alleges that while he was temporarily incarcerated at Rikers Island, Defendant subjected him to excessive force and was deliberately indifferent to Plaintiff's medical needs. Plaintiff is currently incarcerated at Five Points Correctional Facility.

  Defendant moves for summary judgment under Federal Rule of Civil Procedure 56 on this case's sole remaining claim, which alleges the use of excessive force. On March 22, 2011, Magistrate Judge Gabriel W. Gorenstein issued a Report and Recommendation (the "Report") in which he recommended that Defendant's motion be denied. For the reasons below, this Court concurs with the Report and adopts it in its entirety.

1

## BACKGROUND

The facts in this matter have been previously provided and will not be repeated here unless relevant. The basis for this action is a July 14, 2004 incident that occurred while Plaintiff was temporarily housed at Rikers Island. Plaintiff alleges that Defendant confronted him and pressed an instrument described as a rubber-headed hammer against Plaintiff's forehead. Plaintiff claims that as a result of this incident, he experienced a headache, dizziness, flu-like symptoms, and emotional injury, and that he has been unable to sleep.

Defendant filed a Motion for Summary Judgment on February 20, 2007, (Docket Entry No. 36), which was opposed by Plaintiff on March 19, 2007. (Docket Entry No. 42.) Defendant replied on March 28, 2007. (Docket Entry No. 43.)

On July 24, 2007, Magistrate Judge Gabriel W. Gorenstein issued a Report and Recommendation in which he recommended that Defendant's motion be granted because Defendant's conduct did not constitute a violation of Plaintiff's rights under the Eighth Amendment because the use of force was *de minimis* and because the denial of medical treatment for the Plaintiff did not demonstrate deliberate indifference under the Eighth Amendment. (Docket Entry No. 48.) Judge Gorenstein also recommended dismissal of Plaintiff's state law claims because Plaintiff failed to file a Notice of Claim.

The Report and Recommendation was adopted by District Judge Deborah A. Batts on June 10, 2008, and judgment was entered in favor of Defendant. (Docket Entry Nos. 58-59.)

Plaintiff appealed to the United States Court of Appeals for the Second Circuit. On March 3, 2010, the Second Circuit found that the District Court had erred in dismissing Plaintiff's excessive force claim and that Defendant's use of force was not *de minimis* as a matter of law. *Abreu v. Nicholls*, 368 F. App'x 191, 194 (2d Cir. 2010) ("*Abreu II*"). The court

affirmed the dismissal of Plaintiff's claim that Defendant acted with deliberate indifference in violation of the Eighth Amendment by denying medical treatment for Plaintiff. The court also affirmed the dismissal of Plaintiff's state law claims.

Upon remand, the Second Circuit issued an order directing Defendant to file a new summary judgment motion that considered the Court's decision, or to withdraw the first summary judgment motion. Defendant filed the second summary judgment motion on December 21, 2010, (Docket Entry No. 73-74), which was opposed by Plaintiff on January 10, 2011 (Docket Entry No. 75) and further supported by Defendant on February 14, 2011. (Docket Entry No. 79.) On March 22, 2011, Judge Gorenstein issued a Report and Recommendation which recommended that Defendant's motion be denied. Defendant filed an objection to the Report on April 21, 2011. (Docket Entry No. 83.) On June 1, 2011, this case was transferred to this Court. (Docket Entry No. 84.)

## DISCUSSION

United States Magistrate Judges hear dispositive motions and make proposed findings of fact and recommendations, generally in the form of a Report and Recommendation. In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no timely objection has been made by either party, a district court need only find that "there is no clear error on the face of the record" in order to accept the Report and Recommendation. *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

A party may file "specific written objections," Fed R. Civ. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and in that case, the district court has an obligation to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. 28 U.S.C. § 636(b)(1); *First Union Mortgage Corp., v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000). A district court judge, in making a *de novo* determination, has discretion in the weight placed on proposed findings and recommendations and may afford a degree of deference to the Report and Recommendation. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980). Objections to a Report and Recommendation are to be "specific and are to address only those portions of the proposed findings to which the party objects." *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992). Objections that are "merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review." *See Vega v. Artuz*, No. 97 Civ. 3775, 2002 WL 31174466, at *1, 2002 U.S. Dist. LEXIS 18270 (S.D.N.Y. Sept. 30, 2002). In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the Report and Recommendation for clear error.

Legal Standard for Summary Judgment

The court may enter summary judgment only if it concludes that there is no genuine dispute as to the material facts and that, based on the undisputed facts, the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004). The role of the court on such a motion "is not to resolve disputed issues

4

of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986); *see, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Howley v. Town of Stratford*, 217 F.3d 141, 150–51 (2d Cir. 2000).

The party moving for summary judgment bears the initial burden of informing the court of the basis for his motion and identifying those portions of the "pleadings, the discovery and disclosure materials on file, and any affidavits" that demonstrate the absence of a genuine issue of material fact. Fed.R.Civ.P. 56(c); *see, e.g., Celotex*, 477 U.S. at 322, 106 S.Ct. 2548; *Koch v. Town of Brattleboro*, 287 F.3d 162, 165 (2d Cir. 2002). In making this judgment, the court must view the record in the light most favorable to the non-moving party. *See, e.g., Hunter v. Bryant*, 502 U.S. 224, 233, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991); *O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 61 (2d Cir. 2002). If the non-moving party has the burden of proof on a specific issue, the movant may satisfy his own initial burden by demonstrating the absence of evidence in support of an essential element of the non-moving party's claim. *See, e.g., Celotex*, 477 U.S. at 322–23, 325, 106 S.Ct. 2548; *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002); *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995). If the movant fails to meet his initial burden, however, the motion will fail even if the opponent does not submit any evidentiary materials to establish a genuine factual issue for trial. *See, e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Giannullo v. City of New York*, 322 F.3d 139, 140–41 (2d Cir. 2003).

If the moving party carries his initial burden, the opposing party must then shoulder the burden of demonstrating a genuine issue of material fact. *See, e.g., Beard v. Banks*, 548 U.S. 521,

529, 126 S.Ct. 2572 (2006); *Celotex*, 477 U.S. at 322; *Santos v. Murdock*, 243 F.3d 681, 683 (2d Cir. 2001). In doing so, the opposing party cannot "rely merely on allegations or denials" of the factual assertions of the movant, Fed.R.Civ.P. 56(e)(2); *see, e.g., Amaker v. Foley*, 274 F.3d 677, 680–81 (2d Cir.2001), nor can he rely on his pleadings or on merely conclusory factual allegations. *See, e.g., Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000). He must also "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348; *see also Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 75 (2d Cir. 2005). Rather, he must present specific evidence in support of his contention that there is a genuine dispute as to the material facts. *See, e.g., Celotex*, 477 U.S. at 324; *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir.1998); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525–26 (2d Cir.1994).

To demonstrate a "genuine dispute," the opposing party must come forward with sufficient evidence to permit a reasonable jury to return a verdict in his favor. *See, e.g., Anderson*, 477 U.S. at 242, 248, 106 S.Ct. 2505; *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348; *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 101 (2d Cir. 2001). Alternatively, if "the party opposing summary judgment propounds a reasonable conflicting interpretation of a material disputed fact," summary judgment must be denied. *Schering Corp. v. Home Ins. Co.*, 712 F.2d 4, 9–10 (2d Cir. 1983)

Excessive Force Claim

Defendant asserts that Plaintiff cannot establish of claim of excessive force under the Eighth Amendment. The Report recommends denial of Defendant's summary judgment motion on the excessive force claim. The Report finds dismissal improper because Plaintiff's assertions,

6

if credited, could result in a reasonable juror finding that force was used against Plaintiff "maliciously and sadistically." (Report at 9, citing *Wright v. Goord*, 554 F.3d 255, 268-69 (2d Cir. 2009).

The Report found that a jury should weigh whether the force used against Plaintiff was "a good-faith effort to maintain or restore discipline" or was in fact used maliciously and sadistically to harm Plaintiff, and that Plaintiff could potentially show an Eighth Amendment violation even absent significant injury. *Id.* (citing *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). In doing so, the Report cited the Second Circuit in *Abreau II*, which found that the record could support a finding that the force used against Plaintiff was "totally removed from any proper penal purpose and ...taken solely for the purpose of humiliating an inmate." *Abreu v. Nicholls*, 368 F. App'x 191, 194 (2d Cir. 2010).

Defendant's objections to the Report and Recommendation do not address Judge Gorenstein's recommendation that summary judgment be denied with respect to the excessive force claim. Accordingly, this Court has reviewed for clear error the Report's section on Plaintiff's excessive force claim, and finds that it is well-reasoned and supported by law.

This Court therefore adopts the Report's conclusion that summary judgment on Defendant's excessive force claim be denied.

Prison Litigation Reform Act

The Report notes that the Prison Litigation Reform Act ("PLRA") provides that no federal civil action may be brought by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of "physical injury," 42 U.S.C. § 1997e(e), and further cites case law that tends to cast doubt on Plaintiff's ability to satisfy the PLRA's prior physical injury

requirement. (Report at 5-7). Judge Gorenstein finds, however, that Plaintiff would still be able to seek nominal and/or punitive damages at trial if he shows an Eighth Amendment violation, regardless of the outcome of the physical injury issue because section 1997e(e) "does not limit the availability of nominal damages for the violation of a constitutional right or of punitive damages." (Report at 7, citing *Thompson v. Carter*, 284 F.3d 411, 418 (2d Cir. 2002)).

For this reason, Judge Gorenstein recommends, and this Court agrees, that because the excessive force claim will proceed to trial, it is practical to deny summary judgment on the prior physical injury question, allowing the factfinder to assess whether Plaintiff demonstrated a physical injury and make a determination on appropriate damages.

## CONCLUSION

For the reasons set forth above, this Court agrees with the April 21, 2011 Report and Recommendation of Magistrate Judge Gorenstein and hereby adopts it as the Order of this Court. Accordingly, Defendant's motion for summary judgment is hereby DENIED.

SO ORDERED.

March 2̲9̲, 2012

_____
RICHARD OWEN
UNITED STATES DISTRICT JUDGE

8